IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MONICA L. MATHEWS,                          09-CV-6372-BR

          Plaintiff,                        OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.


KATHRYN TASSINARI
MARK A. MANNING
Harder, Well, Baron & Manning, P.C.
474 Willamette
Suite 200
Eugene, OR 97401
(541) 686-1969

          Attorneys for Plaintiff

DWIGHT C. HOLTON
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**THOMAS M. ELSBERRY**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

      Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Monica L. Mathews seeks judicial review of a final decision of the Commissioner of the Social Security Admini-stration (SSA) in which he denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


<u>ADMINISTRATIVE HISTORY</u>

    Plaintiff filed an application for SSI on May 16, 2006, alleging a disability onset date of March 1, 1990. Tr. 50, 75-80.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on August 6, 2008.  Tr. 19-49.  Plaintiff was represented

---

    [1] Citations to the official transcript of record filed by the Commissioner on June 3, 2010, are referred to as "Tr."

2 - OPINION AND ORDER

by an attorney at the hearing.  Plaintiff, a lay witness, and a
vocational expert (VE) testified at the hearing.

The ALJ issued a decision on August 29, 2008, in which she
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 7-18.  Pursuant to 20 C.F.R. § 404.984(d), that
decision became the final decision of the Commissioner on October
29, 2008, when the Appeals Council denied Plaintiff's request for
review.

## BACKGROUND

Plaintiff was born on March 8, 1960 and was 48 years old at
the time of the hearing.  Tr. 23.  She completed ninth grade.
Tr. 187.  She has past relevant work experience as a nursing
assistant and telephone solicitor.  Tr. 16.

Plaintiff alleges disability due to "ankle problems,"
bursitis, and depression.  Tr. 91.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 13-15.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004

3 - OPINION AND ORDER

(9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins,* 466 F.3d at 882.  The Commissioner's decision must be upheld even

if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 416.920(b).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(c).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges

are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since her May 9, 2006, application date. Tr. 12.

At Step Two, the ALJ found Plaintiff has the severe impairments of "ankle pain status post fractures," low-back pain "likely associated with degenerative disc disease of the lumbar spine," depression, and "history of right shoulder bursitis." Tr. 12. The ALJ found Plaintiff's Post-Traumatic Stress Disorder

(PTSD) to be nonsevere.  Tr. 12.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 13.  The ALJ found Plaintiff has the RFC to lift and to carry 20 pounds occasionally and ten pounds frequently, to stand and to walk six hours in an eight-hour work day, and to sit six hours in an eight-hour work day.  Tr. 13.  The ALJ found Plaintiff is precluded from climbing ladders, ropes, and scaffolds; contact with the general public; and "teamwork." Tr. 13.  The ALJ found Plaintiff was limited to "brief structured co-worker contact" and "to unskilled tasks that can be learned in 30 days or less."  Tr. 13.

At Step Four, the ALJ found Plaintiff is not capable of performing her past relevant work.  Tr. 16.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy. Tr. 17.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.


## DISCUSSION

Plaintiff contends the ALJ erred when she (1) improperly rejected Plaintiff's testimony; (2) improperly found the lay-witness testimony did not require a finding of disability;

(3) failed to give full credit to the opinion of Pamela Joffe, Ph.D., examining psychologist; and (4) found Plaintiff could perform other work in the national economy.

**I.    The ALJ did not err when she rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when she failed to provide clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient. *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's testimony "not fully credible." Tr. 16.  The ALJ noted Plaintiff "has displayed pain behavior out of proportion to the objective findings throughout evidence of record." Tr. 16.  Specifically, the ALJ noted Kurt Brewster, M.D., examining physician, reported Plaintiff's "pain was out of proportion to objective findings." Tr. 16, 183.  Dr. Brewster also reported Plaintiff had an inconsistent limp and no tissue changes that supported Plaintiff's claim of frequent ankle swelling.  Tr. 181-83.

With respect to Plaintiff's depression and PTSD, the ALJ noted Plaintiff did not have any history of treatment for either condition.  Plaintiff, however, testified at the hearing that she has not had treatment because she does not have insurance, and, therefore, she cannot afford treatment.  The Ninth Circuit has made clear a claimant cannot be found "not credible" for failing to obtain treatment when the claimant could not afford treatment. *See, e.g., Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).  The record reflects, however, Dr. Joffe referred Plaintiff to three free clinics in Plaintiff's area for treatment, but Plaintiff did not seek treatment for her depression or PTSD.  Thus, Plaintiff's lack of treatment for her mental conditions is a legitimate credibility consideration under these circumstances.  *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  *See also Weirich v. Astrue*, No. ED CV 10-51-PLA, 2010 WL 4736481, at *4 (C.D. Cal.

10 - OPINION AND ORDER

Nov. 15, 2010)(ALJ did not err when he found the plaintiff's
testimony not credible because the plaintiff did not receive
treatment for his back pain even though he had access to free
medical treatment through County medical clinics).

The Court concludes on this record that the ALJ did not err
when she rejected Plaintiff's testimony because the ALJ provided
legally sufficient reasons supported by the record for doing so.

**II.  The ALJ did not err when she found the lay-witness testimony
did not require a finding of disability.**

Plaintiff contends the ALJ erred when she found the lay-
witness testimony of Plaintiff's mother, Barbara Williams, did
not require a finding of disability.

Lay testimony regarding a claimant's symptoms is competent
evidence that the ALJ must consider unless he "expressly
determines to disregard such testimony and gives reasons germane
to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511
(9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224
F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a
claimant's disability, must give full consideration to the
testimony of friends and family members.").

At the hearing Williams testified Plaintiff was not able to
do any work around the house that involved lifting or standing
for "any length of time."  Tr. 38.  Williams testified Plaintiff
worked for years after her accident in 1990 only because
Plaintiff did not have any other choice as she did not have any

11 - OPINION AND ORDER

income, but Plaintiff suffered "continuous flair-up[s][*sic*] with her leg." Tr. 39. Williams stated Plaintiff is depressed because she is in pain and doesn't sleep well at night. Tr. 40. Williams also testified Plaintiff takes only aspirin and hasn't had any pain medication prescribed, but Williams has had to take Plaintiff to the emergency room three or four times. Tr. 41.

The ALJ considered Williams's testimony and, based in part on that testimony, limited Plaintiff to light-exertion work with "postural limitations" and to unskilled work involving little or no customer and co-worker contact. The ALJ found, however, even though Williams "accurately described the behaviors she witnessed [Plaintiff] display," those observations were "not persuasive as to disability" because they were based on Plaintiff's exaggerated symptoms noted above. Because the Court concludes the ALJ properly found Plaintiff's testimony not credible, the Court also concludes the ALJ did not err when she found Williams's testimony did not support a finding of disability.

The Court concludes on this record that the ALJ did not err when she found Williams's testimony did not support a finding of disability because the ALJ provided legally sufficient reasons supported by the record for doing so.

**III. The ALJ did not err when she failed to give full credit to the opinion of Dr. Joffe, examining physician.**

Plaintiff contends the ALJ erred when she failed to give full credit to the opinion of Dr. Joffe that Plaintiff suffered

12 - OPINION AND ORDER

from PTSD and that Plaintiff would be expected to have difficulty maintaining a schedule and working around others" due to Plaintiff's "psychiatric and physical symptoms."  Tr. 191.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

An ALJ may reject a physician's opinion if it is based entirely on the claimant's subjective complaints and not supported by clinical evidence in the record.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  "[Q]uestioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports [her] ultimate opinion with [her] own observations," is not, however, a legally sufficient reason for rejecting a physician's opinion.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

The ALJ did not reject Dr. Joffe's entire opinion and specifically incorporated in the evaluation of Plaintiff's RFC

the limitations of unskilled work; only brief, structured contact with co-workers; and no contact with the general public or teamwork.  The ALJ, however, found Plaintiff's PTSD to be nonsevere because Dr. Joffe did not identify any significant functional limitations of Plaintiff as a result of PTSD.

In addition, Plaintiff asserts the ALJ erred when she did not assess functional limitations based on Dr. Joffe's opinion that Plaintiff "would be expected to have difficulty in maintaining a schedule."  Dr. Joffe, however, noted that limitation was based on Plaintiff's subjective physical impairments.  The ALJ noted "[t]he symptoms reported to Dr. Joffe include exaggeration of [Plaintiff's] physical impairments which raise issues of credibility or accuracy as to her complaints."

The Court concludes on this record that the ALJ did not err when she failed to give full credit to the opinion of Dr. Joffe because the ALJ provided legally sufficient reasons supported by the record for doing so.

## IV.  The ALJ did not err when she found Plaintiff could perform other work in the national economy.

Based on the testimony of the VE, the ALJ found Plaintiff could perform work as a small-products assembler, semiconductor assembler, and meter reader.  The VE also suggested an individual with Plaintiff's limitations as set out by the ALJ could possibly perform the job of surveillance-systems monitor.  The ALJ, however, did not specifically find Plaintiff could perform work

14 - OPINION AND ORDER

as a surveillance-systems monitor in her opinion.

Nevertheless, Plaintiff contends the ALJ erred by finding Plaintiff could perform work as a surveillance-system monitor. Plaintiff points out that the position requires talking "frequently," and it was noted on her intake questionnaire that she had difficulty talking because she had lost six front teeth, used words out of context, and had poor grammar. Plaintiff also contends the ALJ erred when she found Plaintiff could perform other work in general because Plaintiff has difficulty maintaining a work schedule.

**A.    Surveillance-systems monitor**

As noted, the ALJ did not find Plaintiff could perform work as a surveillance-system monitor. Even if the ALJ had found Plaintiff could perform that job, the record does not reflect any treating or examining physician or psychologist or any lay witness reported Plaintiff had problems with speech that would interfere with performing that job. Moreover, there were not any comments or observations made by the ALJ, Plaintiff, or Plaintiff's counsel as to Plaintiff's speech. In fact, on July 18, 2006, Dr. Brewster noted Plaintiff's speech was "fluid and non-tangential." Tr. 181.

The Court concludes on this record that the ALJ did not err because the ALJ did not find Plaintiff could work as a surveillance-system monitor, and even if the ALJ had found

15 - OPINION AND ORDER

Plaintiff could work as a surveillance-system monitor, it would not have been error on this record.

**B.    Other work in general**

Plaintiff also contends the ALJ erred when she found Plaintiff could perform other work generally because Dr. Joffe opined Plaintiff would have difficulty maintaining a schedule. The Court already has found the ALJ did not err when she did not adopt this portion of Dr. Joffe's opinion.  The Court, therefore, concludes the ALJ did not err when she excluded in the hypothetical to the VE the limitation of Plaintiff having difficulty maintaining a work schedule or when the ALJ found Plaintiff could perform other work in the national economy.

Accordingly, the Court concludes on this record that the ALJ did not err to the extent that she found Plaintiff could perform other work in the national economy.

**CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 27th day of January, 2011.


                                        /s/ Anna J. Brown

                                        _____
                                        ANNA J. BROWN
                                        United States District Judge

17 - OPINION AND ORDER